SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Larry E. Amick,  )  No. CV 06-1870-PHX-DGC (MEA)
            )
    Petitioner,  )  **ORDER TO SHOW CAUSE**
            )
vs.  )
            )
Laura Schweitzer, et al.,  )
            )
    Respondents.  )
_____)

Petitioner Larry E. Amick, who is confined in the Arizona State Prison-Santa Rita in Tucson, Arizona, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, with a motion to exceed the page limit. (Doc.# 1, 2.)[1] He has paid the $5.00 filing fee. The Court will grant the motion to exceed the page limit and order Petitioner to show cause why this action should not be summarily dismissed.

**I. Procedural History**

Petitioner challenges his conviction for aggravated assault and attempted aggravated assault on a child, CR 1993-90724, pursuant to a guilty plea entered in Maricopa County Superior Court. In his habeas petition, Petitioner raises three grounds for relief: (1) denial of his right to appeal based on the state court's dismissals of his successive petitions for post-conviction relief; (2) violation of his equal protection rights by the refusal to apply State v. Cooper, 166 Ariz. 126 (Ct. App. 1990) to him in his successive state post-conviction petitions because he now suffers from life threatening medical conditions; and (3) violation

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

1  of his Eighth Amendment rights based on the failure to treat his medical condition or release
2  him so that he can obtain treatment.

3  **II. Summary Dismissal Standard**

4  The Court must undertake a prompt preliminary review of a habeas petition to
5  determine whether "it plainly appears from the face of the petition and any exhibits annexed
6  to it that the petitioner is not entitled to relief in the district court." Rules Governing § 2254
7  Cases, Rule 4; see 28 U.S.C. § 2243.  If it is clear that the petitioner is not entitled to relief,
8  the petition must be summarily dismissed.  Id.; see also Obremski v. Maass, 915 F.2d 418,
9  420 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law pursuant
10 to Habeas Rule 4).  "Congress envision[s] district courts taking an active role in summarily
11 disposing of facially defective habeas petitions," Boyd v. Thompson, 147 F.3d 1124, 1127
12 (9th Cir. 1998), because "[i]t would waste scarce judicial resources for the district court to
13 cause the facially defective petition to be served on the State and to entertain the State's
14 ensuing motion to dismiss," id. at 1128.

15 **III. Analysis**

16 Federal habeas relief  is available "only on the ground that [an inmate] is in custody
17 in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
18 Petitioner fails to allege legally cognizable violations of his federal constitutional rights in
19 his first two claims, and his third claim is not properly brought in a petition for habeas relief.
20 The Court will therefore order Petitioner to show cause why his Petition should not be
21 dismissed for failure to state a cognizable claim.

22 Petitioner's first two claims concern the state court's dismissal of his successive post-
23 conviction petitions submitted on the basis of "newly discovered" post-sentencing mitigating
24 evidence regarding his health.  A § 2254 petition in this Court is not the appropriate means
25 for challenging the process afforded Petitioner in state post-conviction proceedings. See
26 Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2 26,
27 26 (9th Cir. 1989); see also Lambright v. Stewart, 191 F.3d 1181, 1183 (9th Cir. 1999).
28 Essentially, that is what Petitioner seeks in this case.  Petitioner cites State v. Cooper, 166

1  Ariz. 126, 800 P.2d 992 (Ct. App. 1990), for the proposition that newly discovered evidence
2  regarding an inmate's post-sentencing health is a mitigating factor that should be considered
3  by the state court.  In Cooper, the Arizona Court of Appeals held that an inmate made a
4  colorable showing that he was entitled to state post-conviction relief regarding his sentence
5  based on newly discovered evidence that he had a terminal illness *at the time of sentencing*
6  because, under state law, health is a factor to be considered at sentencing. 166 Ariz. at 130,
7  800 P.2d at 996. But federal habeas relief is not available for errors of state law, and Cooper
8  is solely predicated on state law.[2]  Accordingly,  Petitioner's first two claims fail to state
9  viable claims for habeas relief.

10  In his third claim, Petitioner appears to challenge a condition of his confinement,
11  namely, the alleged denial of appropriate medical care.  While state inmates may seek
12  injunctive or compensatory relief based on unconstitutional conditions of confinement, they
13  must do so in an action filed pursuant to 42 U.S.C. § 1983, not in a habeas petition.  See
14  Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge
15  the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive
16  relief, fall outside [the] core [of habeas relief] and may be brought pursuant to § 1983");
17  Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any
18  confinement or to particulars affecting its duration are the province of habeas corpus . . . ;
19  requests for relief turning on the circumstances of confinement may be presented in a § 1983
20  action."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez, 411
21  U.S. 475, 484 (1973) (a civil rights action is the proper method to challenge conditions of
22  confinement)).  To the extent that Petitioner seeks relief for violation of his federal
23  constitutional rights based on the denial of appropriate medical care, he must seek such relief
24  by filing a complaint pursuant to 42 U.S.C. § 1983.

---

[2]  In addition, it appears that the medical conditions Plaintiff asserts may have developed after his sentencing. Even if not, federal habeas relief is unavailable for this state-law claim.

JDDL-K                                                     - 3 -

1    The Court will allow Petitioner **30 days** to show cause why this action should not be
2 dismissed without prejudice for failure to state a cognizable claim for habeas relief.
3 Petitioner must submit a pleading entitled "Response" to this Order in which he establishes
4 cause why this action should not be dismissed. If Petitioner fails to submit a Response, this
5 action will be dismissed without further notice.

**IV. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address 10 days before the move
is effective, if practicable. See LRCiv 83.3(d). Petitioner must not include a motion for
other relief with a notice of change of address. Failure to comply may result in dismissal.

**B. Copies**

Petitioner must submit an additional copy of every filing for use by the Court. LRCiv
5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible Dismissal**

Petitioner is warned that failure to timely comply with every provision of this Order,
including these warnings, may result in dismissal of this action without further notice. See
Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an
action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's motion to exceed the page limit is **granted**. (Doc.# 1.)

(2) Petitioner must show cause, in writing, why this action should not be dismissed for
failure to state a legally cognizable habeas claim no later than 30 days from the filing date
of this Order.

JDDL-K

- 4 -

(3) If Petitioner fails to file a Response within 30 days of the filing date of this Order, the Clerk of Court will dismiss this action without further notice.

DATED this 17th day of October, 2006.

_____
David G. Campbell
United States District Judge